ORDER
CEREZO, Chief Judge.
On August 25, 1997, the Court entered an Order (docket entry 81) denying defendant’s motion for partial summary Judgment. The Court determined that plaintiffs action is based on negligence and, as such, governed by the limitations period applicable to that type of action. Defendants Banco Cooperadvo de Puerto Rico and Cooperativa de Segu-. ros Multiples de Puerto Rico have filed a motion for reconsideration (docket entry 84) strictly based on St. Paul Fire & Marine Insurance Company v. Caguas Federal Savings, 121 D.P.R. 761, 1988 WL 580787 (1988).
In St. Paul Fire, the action was brought against the depository bank under section 24 of the Negotiable Instruments Law, 19 L.P.R.A. § 24. The district court dismissed the action on the grounds that the Bank had not incurred in negligence. On appeal, the bank alleged that absent a contractual relationship between it and the insured company, under Article 1802 of the Civil Code of Puerto Rico, it could only be liable if the damage had been the result of its negligence. The matter was certified to the Supreme Court of Puerto Rico to determine whether a collecting bank could be liable, without negligence, to the payee of a check with an unauthorized endorsement.
The Supreme Court ruled that “a separate and distinct cause of action issues from sec. 24 in favor of the drawer or payee against the bank, even if the latter has not incurred negligence,” and further observed that “sec. 24 and not Art. 1802, under which negligence is an unavoidable element, is the adequate provision to deal with the issue raised here.” Official translation, at p. 4.
The fact that the Supreme Court found that section 24 of the Negotiable Instruments. Law governs as a cause of action separate and distinct from Article 1802, thus bypassing the. negligence element, does not mean that Article 1802 does not provide a cause of action to a drawer or payee against a bank which cashes a check without an authorized endorsement. Defendants are correct in stating that St. Paul Fire places section 24 as a special provision over Article 1802 as a general one. Defendants interpret the Supreme Court’s answer to the question certified as closing the door to an Article 1802 action against a bank in a factual situation *68 such as the one before us. The following statement by the Supreme Court reflects that although recognizing a hierarchy amongst statutes, with prevalence of the special provisions, the Court recognizes that in eases such as this the general damages provision is available:
In cases like the one at bar, we can resort to the Civil Code only when some aspect of the controversy cannot be duly adjudicated under the Negotiable Instruments Law and, in an ancillary manner, by the Commerce Code, after which resort may be had to the Civil Code as supplementary law.
Id. (Emphasis ours.)
Defendants do not address this dimension at all. Confronted with a bar to a section 24 action due to the limitations period, plaintiff can resort to the general tort provision of the Civil Code against the bank. Of course, it has to face a higher burden — that of proving negligence — which it does not confront in the separate cause of action flowing from section 24.
For the reasons stated, the motion for reconsideration (docket entry 81) Is DENIED.
SO ORDERED.